UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS FOSKARIS,<br><br>                Plaintiff,<br>     v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                Defendant. | Case No. 2:17-cv-00506-KJD-PAL<br><br>**<u>ORDER</u>** |

      Presently before the Court is Defendant Experian Information Solutions, Inc.'s Motion for Judgment on the Pleadings (#39). Plaintiff filed a response to the motion (#41) to which Defendant replied (#46).

<u>I. Background</u>

      In April 2016, Plaintiff Thomas Foskaris ("Foskaris") believed he was the victim of credit fraud. After Foskaris found that accounts had been opened in his name at Kohl's and Verizon, he contacted Defendant Experian Information Solutions, Inc. ("Experian"). Foskaris requested that Experian place an initial fraud alert on his account and send him a consumer disclosure report. Defendant placed the fraud alert on the account and sent him the consumer

disclosure that same day. The initial fraud alert lasts only 90 days, so on or about May 15, 2016 Foskaris requested an extended fraud alert, which lasts for seven years, pursuant to 15 U.S.C.A. § 1681c-1(b). Experian added the extended alert that same day. However, on or about May 16, 2016, Experian sent him a notice saying he needed to provide additional information before they could apply the extended fraud alert. However, subsequent reports provided to Foskaris on or about July 21, 2016 showed that Experian added the extended alert to his record. Foskaris was confused by the request for additional information and Experian's failure to disclose the permissible purpose of each credit inquiry requested after the fraud alert was enabled.

Under the Fair Credit Reporting Act (FCRA), a consumer reporting agency (CRA) cannot release a consumer's credit information to a third party without having a permissible purpose. See 15 U.S.C.A. § 1681b. The report Experian provided to Foskaris did not contain a description of the third party's permissible purpose before receiving the credit information. Plaintiff claims that this constitutes a violation of Section 1681g. Plaintiff also alleges other violations of the Act stemming from Experian's failure to provide the permissible purpose as well as their handling of his request for an extended fraud alert.

II. Legal Standard

After the pleadings are closed— but early enough not to delay trial— a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

In reviewing a motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-

moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). "[J]udgment on the pleadings is proper when taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007) (citations omitted).

III. Analysis

### A. First Cause of Action: Violation of the Fair Credit Reporting Act

Plaintiff's complaint alleges multiple violations of the FCRA throughout. The causes of action named are limited and will be analyzed individually.

**1. § 1681b Violation**

Section 1681b, entitled "Permissible purposes of consumer reports," outlines when it is appropriate for a CRA to "furnish a consumer report" to a third party. 15 U.S.C.A. 1681b(a). The statute defines "consumer report" as

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness [creditworthiness], credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under section 604."

15 U.S.C.A. § 1681a(d)(1). The statute makes it clear that "a consumer report is one that is *expected* to be used for credit or employment purposes." Neill v. Experian Information Solutions., 2017 WL 3838671 at *3 (D. Ariz. 2017). Consumer disclosures are not expected to be used in determining a consumer's eligibility for credit or employment purposes, therefore they are not consumer reports.

Plaintiff alleges that because Defendant failed to disclose to him the permissible

purpose each third party had to acquire his consumer report, they violated Section 1681b. However, Section 1681b does not require a CRA to disclose the permissible purpose required for each consumer report to the consumer. It only specifies what the permissible purposes are and when consumer reports can be furnished. Because Plaintiff alleges Defendant failed to disclose specific information that they were not statutorily required to disclose, and Section 1681b governs consumer reports and not consumer disclosures, Plaintiff failed to state a claim for which relief can be granted. Therefore, Plaintiff's 1681b violation claim is dismissed.

### 2. § 1681g Violation

Plaintiff's prolix complaint seems to focus on Defendant's failure to disclose the permissible purpose each third party had when it requested his credit information. Section 1681g states that CRA's "shall clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request." 15 U.S.C.A. § 1681g(a)(1). Plaintiff interprets this to mean Experian is required to disclose all of the information it has ever stored on the consumer, including the permissible purposes of third parties. However, binding case law says otherwise.

In Gillespie v. Trans Union Corp., the Seventh Circuit interpreted Section 1681(a)(1) when read with all of its subsections. The Gillespie Court found that "if the word 'file' in paragraph 1 really means 'all information on a consumer recorded and retained' by a CRA, then these additional paragraphs are unnecessary." Gillespie v. Trans Union Corp., 482 F.3d 907, 909 (7th Cir. 2007). The court also found that a reasonable interpretation would require a showing that the CRA has included "similar information in a consumer report in the past or that it plans to do so in the future." Id.

The Third Circuit adopted this interpretation when it found that the word file

4

"denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." Cortez v. Trans Union LLC, 617 F.3d 688, 711-712 (3rd Cir. 2010) (citing Gillespie, 482 F.3d at 909). The Ninth Circuit adopted this interpretation as well. The Court cited to Gillespie and Cortez, making it clear that "[a] consumer's file includes all information on the consumer that is recorded and retained by a [CRA] that might be furnished, or has been furnished, in a consumer report on that consumer." Shaw v. Experian Info. Sols. Inc., 2018 U.S. App. Lexis 14049, 21 (9th Cir. 2018) (citations omitted).

Experian has included the permissible purpose in its consumer disclosures before. Plaintiff notes a LexisNexis/State Farm inquiry that Experian said was for "insurance underwriting." So while Defendant has provided the permissible purpose in the past, it was not in a consumer report. As noted above, a consumer report must be a factor in establishing a consumer's eligibility for credit, insurance, or employment purposes. Consumer disclosures do not fit that criteria.

Section 1681g only requires CRA's to disclose the consumer file, which pertains to information that has previously been furnished or that might be furnished in a consumer report, not in a consumer disclosure. Because Plaintiff does not claim that Defendant provided the permissible purpose in past credit reports, or plan to do so in the future, Section 1681g does not apply and Plaintiff's claim is dismissed.

**3. § 1681c-1 Violation**

Plaintiff alleges Defendant violated § 1681c-1 by not disclosing the permissible purpose of third parties that requested his credit information after he submitted his fraud alert. Section 1681c-1 contains the steps that a CRA must take when a consumer requests a fraud

alert. The statute requires that after a fraud alert has been placed on a consumer's account, "the consumer reporting agency shall provide to the consumer all disclosures required to be made under section 1681g of this title." 15 U.S.C.A. § 1681c-1(b)(2)(B). It also states that "the consumer reporting agency shall disclose to the consumer that the consumer may request a free copy of the file of the consumer." 15 U.S.C.A. § 1681c-1(a)(2)(A). This section guarantees that all § 1681g disclosures be made. Because this claim depends on the 1681g violation claim that was dismissed, Plaintiff's 1681c-1 claim is dismissed.

### 4. § 1681e(a) Violation

Plaintiff alleges Defendant violated § 1681e(a), which requires CRA's to maintain reasonable procedures to avoid violations of the FCRA, specifically sections 1681b and 1681c. Plaintiff's pleadings repeatedly mention Defendant's failure to provide the permissible purpose on its consumer disclosure reports. This does not satisfy a claim for a violation of either §§ 1681b or 1681c. Section 1681b lists the permissible purposes that a CRA must have before providing a consumer's credit information. It says nothing about including it in a consumer disclosure form. Section 1681c contains the requirements relating to information contained in consumer reports. As previously mentioned, a consumer disclosure is different than a consumer report because a consumer disclosure is not expected to be a factor in determining a consumer's eligibility for credit. Therefore, Plaintiff fails to state a claim for which relief can be granted and his 1681e(a) violation claim is dismissed.

### B. Second Cause of Action: Declaratory Relief

Plaintiff pleads for declaratory relief which states that Defendant's practice of excluding the permissible purpose from its consumer disclosures is a violation of Section 1681g. Plaintiff claims this will prevent Defendant from engaging in similar behavior in the future and will avoid

harm to other consumers. However, the Fair Credit Reporting Act does not mention declaratory relief, and the Supreme Court has denied declaratory relief in FCRA cases before. In <u>United States v. Bormes</u> the Court found that "when Congress enacts a specific remedy when no remedy was previously recognized…the remedy provided is generally regarded as exclusive." <u>United States v. Bormes</u>, 586 U.S. 6, 14 (2012) (citing <u>Hinck v. United States</u>, 550 U.S. 501, 506 (2007)). The Supreme Court continued "[w]here the liability is one created by statute, the special remedy provided by the same statute is exclusive." <u>Id.</u>, at 13 (citing <u>United State v. Kaufman</u>, 96 U.S. 567, 569 (1877)). Congress enacted the FCRA, which statutorily created a liability. Therefore, its stated remedies are exclusive.

Section 1681n provides the remedies available for willful noncompliance of the FCRA. It states that a consumer is entitled to "any actual damages sustained…of not less than $100 and not more than $1,000." 15 U.S.C.A. § 1681n(a)(1)(A). Additionally, consumers may also receive "such amount of punitive damages as the court may allow" and "the costs of the action together with reasonable attorney's fees." 15 U.S.C.A. § 1681n(a)(1)(B). Section 1681o, which provides the available remedies for negligent noncompliance of the FCRA, contains similar language. It allows "any actual damages sustained by the consumer" and "the costs of the action together with reasonable attorney's fees." 15 U.S.C.A. 1681o(a). Congress specified the available remedies but did not allow declaratory relief. Therefore these remedies are exclusive and the claim for declaratory relief is dismissed.

### C. Plaintiff's Request to Amend

In his opposition, Plaintiff requests time to amend his complaint. However, Plaintiff failed to follow local rules of practice when making his request. Local Rule 15-1 makes it clear that "the moving party must attach the proposed amended pleading to a motion seeking leave of

7

the court to file an amended pleading." Plaintiff did not attach the proposed amended pleading. Further, Plaintiff failed to show any proposed amendment that would survive the motion for judgment on the pleadings. Therefore, his unsupported motion to amend is denied.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Experian Information Solutions, Inc,'s Motion for Judgment on the Pleadings (#39) is **GRANTED**.

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**.

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant Experian Information Solutions, Inc and against Plaintiff.

Dated this 11th day of July, 2018.

                                        Kent J. Dawson
                                        United States District Judge